GOLDSMITH, Respondent, vs. SOUTHWELL, Appellant.

*January 13 — February 2, 1897.*

*Lease, how construed.*

A provision in a lease for an office of a corner room facing on both W. and J. streets in a building at the intersection of those streets, that "if the lessor should, during the term of this lease, rent any office on either the W. or J. street front, for a less rate than . . . one dollar per square foot on the J. street front, or one dollar and twenty-five cents on the W. street front, or one dollar and fifty cents per square foot on corner rooms located on the corner of W. and J. streets, . . . such reduction shall also be made to the lessee for the term of this lease, . . . this agreement shall not apply to any room not specially mentioned," is to be construed as dividing the rooms into three classes, and making the reduction of the lessee's rent to depend upon the lessor's reducing the rent on rooms of the same class, that is, on corner rooms.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

Action to recover a balance alleged to be due for rent. Plaintiff owned a building known as the Goldsmith Building, located at the corner of Wisconsin and Jefferson streets, in the city of Milwaukee, Wisconsin. By written contract, on the 1st day of May, 1893, he leased to the defendant rooms Nos. 408 and 409 in such building, for the term of five years, for $991 per year. Defendant answered, setting up that there was a stipulation in the lease that, in case the

lessor should, during the term of the lease, rent any office room fronting on either Wisconsin or Jefferson streets at less than $1 per square foot on Jefferson street front, or $1.25 per square foot on Wisconsin street front, or $1.50 per square foot for rooms on the corner and fronting on both streets, . . . the same reduction should be made to the defendant for the term of his lease; that plaintiff did rent rooms on the Jefferson street front as low as 78.6 cents per square foot, and on Wisconsin street as low as 93.75 cents per square foot. On such alleged facts defendant claimed a reduction in amount of rent claimed for the period covered by the complaint, and counterclaimed for excess of rent theretofore paid. On the trial defendant proved, among other things, that plaintiff rented a room on Wisconsin street for three years, and that, some time after the lease was made, the term was reduced to one year, and the tenant permitted to settle for that year by paying nine months' rent, or at the rate of ninety-five cents per square foot.

At the close of the evidence there were no disputed facts. The case turned wholly upon whether the defendant was entitled to a reduction of the rent charged under the lease for a corner room by reason of the fact that plaintiff had rented a room on Wisconsin street, as before stated. On this question the trial court decided in favor of plaintiff, and directed a verdict accordingly for the amount due under the lease as claimed in the complaint, less some reduction for a room on Jefferson street, in regard to which there was no dispute. The defendant excepted to the finding of the court construing the lease as stated. Judgment was rendered in favor of the plaintiff, from which this appeal is taken.

For the appellant there was a brief by *Bottum & Chadbourne*, attorneys, and *Lewis M. Ogden*, of counsel, and oral argument by *Mr. Ogden*.

For the respondent the case was submitted on the brief of *Monroe & Richardson*.

Goldsmith vs. Southwell.

MARSHALL, J.  The language of the lease on which the question here presented arises is as follows: " In case the lessor should, during the term of this lease, rent any office on either the Wisconsin or Jefferson street front at a less rate than now demanded, to wit, one dollar per square foot on the Jefferson street front, one dollar and twenty-five cents per square foot on the Wisconsin street front, and one dollar and fifty cents per square foot on corner rooms located on the corner of Wisconsin and Jefferson streets, . . . such reduction shall also be made to the lessee for the term of this lease, but . . . this agreement shall not apply to any rooms not specially mentioned." Appellant had a corner room.  The question is whether, under the above provision, he was entitled to a reduction in the rent of such corner room because a Wisconsin street room, in the class rated at $1.25 per square foot, was rented at a less rate, conceding that it was so rented.  Appellant invokes the familiar rule that a contract should be so construed, if possible, as to give effect to all its parts, and contends that, unless the reduction of the rent charged for a room in the $1.25 class calls for a corresponding reduction in the rent of the corner room, the contingency mentioned, upon the happening of which the rent of such corner room would be reduced, could never happen, as he had no other room fronting on Wisconsin street.  But, as we read the lease, another rule, quite as well established as the one invoked by counsel, applies; i. e. that, where the language is plain and unmistakable, there is no room to apply the rules for judicial construction.  The language of the lease under consideration appears to clearly mention three classes of rooms, and to provide that if, subsequent to the date of the lease, the lessor should rent a room belonging to one class at a less rate than that charged to the lessee, such lessee should be entitled to a corresponding reduction in any similar room covered by his lease.  The last words of the clause are significant: " The provision in regard to the reduction of rent shall apply

only to rooms specially mentioned." That was intended unmistakably to emphasize what precedes it, that the reduction of the rent of a room in one class should not affect the rent of any room covered by the lease not strictly in such class. The foregoing requires an affirmance of the judgment whether there was in fact a reduction of the rent of a Wisconsin street room or not.

*By the Court.*— Judgment affirmed.